1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JUDY WYNNE PHILLIPS,                        No. 2:14-cv-2368 AC (TEMP)

12                  Plaintiff,

13         v.                                      ORDER

14    CAROLYN W. COLVIN, acting
      Commissioner of Social Security,
15

16                  Defendant.

17

18         This social security action was submitted to the court without oral argument for ruling on

19  plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1]

20  For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is

21  granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

22                          PROCEDURAL BACKGROUND

23         Plaintiff challenges the March 1, 2013 decision of the ALJ not to reopen a prior claim.

24  (Transcript ("Tr.") at 13-15 (Decision of ALJ.); Pl.'s MSJ (ECF No. 24) at 3. [2]

25  _____

26  [1]  Both parties have previously consented to Magistrate Judge jurisdiction over this action
    pursuant to 28 U.S.C. § 636(c).  See ECF Nos. 7 & 9.

27  [2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
    system and not to page numbers assigned by the parties.

28

                                            1

1    On August 16, 2006, plaintiff first filed applications for Disability Insurance Benefits

2  ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security

3  Income ("SSI") under Title XVI of the Act, alleging disability beginning on July 8, 2006.  (<u>Id.</u> at

4  17, 97-104.)  On August 21, 2006, plaintiff's application for DIB was initially denied.  (<u>Id.</u> at 13,

5  94-96.)  Plaintiff's application for SSI was denied initially on February 15, 2007.  (<u>Id.</u> at 13, 253.)

6  Plaintiff did not appeal.

7    Plaintiff filed new applications for DIB and SSI on August 11, 2009, alleging disability

8  beginning on June 1, 2008.  (<u>Id.</u> at 13, 241-43.)  On September 12, 2009, plaintiff's new

9  application for DIB was initially denied.  (<u>Id.</u> at 88-90.)  Plaintiff's new application for SSI was

10  denied initially on March 3, 2010 (<u>id.</u> at 163-66), and upon reconsideration on June 2, 2010.  (<u>Id.</u>

11  at 172-77.)  Thereafter plaintiff appeared before an Administrative Law Judge ("ALJ"), and on

12  January 28, 2011, an ALJ issued a fully favorable decision on plaintiff's SSI application, finding

13  plaintiff disabled as of August 11, 2009.  (<u>Id.</u> at 113-18.)

14    On January 12, 2012, plaintiff requested reconsideration of a "not closed out claim"

15  purportedly made in June of 1997.  (<u>Id.</u> at 108-09.)  Specifically, plaintiff contended that a June

16  1997 hospitalization for a heart attack should be "deemed a not closed out claim pursuant to 20

17  CFR 404.630 of which I request reconsideration."  This request for reconsideration was denied on

18  February 1, 2012.  (<u>Id.</u> at 39-40.)  On October 3, 2012, plaintiff appeared before an ALJ for an

19  administrative hearing.  (<u>Id.</u> at 131-56.)  Plaintiff was represented by a non-attorney

20  representative and testified at the administrative hearing.  (<u>Id.</u> at 13, 131-32.)

21    On March 1, 2013, the ALJ issued a decision finding that plaintiff had not filed an

22  application for disability benefits in 1997 or at any time prior to the applications she filed on

23  August 16, 2006.  (<u>Id.</u> at 15.)  On August 23, 2014, the Appeals Council denied plaintiff's request

24  for review of the ALJ's March 1, 2013 decision.  (<u>Id.</u> at 3-5.)  Plaintiff sought judicial review

25  pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 8, 2014.

26                                    LEGAL STANDARD

27    "The district court reviews the Commissioner's final decision for substantial evidence,

28  and the Commissioner's decision will be disturbed only if it is not supported by substantial

1    evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

2    Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

3    support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

4    Chater, 108 F.3d 978, 980 (9th Cir. 1997).

5        "[A] reviewing court must consider the entire record as a whole and may not affirm

6    simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

7    466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

8    1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

9    reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d

10   1072, 1075 (9th Cir. 2002).

11                                          DISCUSSION

12       Plaintiff seeks remand for a finding of disability prior to December 31, 2005, her date last

13   inured.  In her pending motion, plaintiff claims that the ALJ erred in two ways: (1) by failing to

14   adjudicate, or improperly rejecting, plaintiff's claim that she was misinformed in 2006 about her

15   eligibility for benefits; and (2) by rejecting plaintiff's claim that she is entitled to an earlier

16   protective filing date of June 1997, based on her hospitalization at that time.[3]

17   **I.       Misinformation**

18       The court has struggled to understand plaintiff's presentation of this issue.  Plaintiff

19   asserts that the ALJ improperly failed to adjudicate her "20 C.F.R. § 404.633 misinformation

20   claim," and describes that misinformation claim as a "request for reopening. . . based on 20

21   C.F.R. § 404.633 (agency misinformed applicant of rights)."  (Pl.'s MSJ (ECF No. 24) at 3.)  The

22   cited regulation, 20 C.F.R. § 404.633, provides for a deemed earlier filing date under certain

23

---

24   [3]  Plaintiff's motion also argues, in a single paragraph that is somewhat vague and conclusory,
     that the ALJ failed to "fully develop the record" on plaintiff's "current claim by failing to obtain
25   documents and records provided in connection with prior claims" and by failing to adjudicate
     "previously unresolved issues[.]"  (Pl.'s MSJ (ECF No. 24) at 9.)  Plaintiff, however, fails to
26   articulate what documents and records the ALJ failed to acquire.  See Schoenfeld v. Apfel, 237
     F.3d 788, 798 (7th Cir. 2001) ("Mere conjecture or speculation that additional evidence might
27   have been obtained in the case is insufficient to warrant a remand.").  Moreover, the court finds
     that the ALJ's March 1, 2013 decision is without error.

28

1  circumstances involving the provision of misinformation by the agency to a potential claimant.

2  The regulation does not, however, provide for reopening of claims on that basis.  Accordingly, the

3  ALJ cannot have erred in failing to adjudicate a putative request for reopening on grounds of

4  misinformation.  The record does not reflect that plaintiff presented the ALJ with a coherent

5  claim that she was entitled to a deemed earlier filing date on the basis of misinformation.

6  Plaintiff contends here that the August 21, 2006 denial of her August 16, 2006 Title II

7  DIB application "misinformed" plaintiff about her benefit eligibility by stating that "she had not

8  worked enough quarters to qualify for benefits."  (Pl.'s MSJ (ECF No. 24) at 4.)  According to

9  plaintiff, this "advisement was erroneous and did not inform [plaintiff] of her date last insured."

10  (Id.)  Plaintiff contends that she "failed to apply for disability benefits for disability onset prior to

11  her date last insured because of misinformation . . ."  (Id. at 6.)

12  In order to qualify for DIB, a claimant must be "insured for disability insurance benefits,"

13  and establish that she became disabled on or before the expiration of her insured status, i.e., on or

14  before her date last insured.[4]  42 U.S.C. § 423(a)(1)(A)-(c)(1); see, e.g., Arnone v. Bowen, 882

15  F.2d 34, 37-38 (2nd Cir. 1989).  To be insured for DIB a claimant must have "not less than 20

16  quarters of coverage during the 40-quarter period which ends with the quarter in which such

17  month occurred[.]"[5]  42 U.S.C. § 423(c)(1)(B)(i); see also Harvell v. Chater, 87 F.3d 371, 372

18  (9th Cir. 1996) ("the '20/40' rule . . . requires an individual making a disability claim to have

19  worked at a job at which he paid social security tax during at least twenty of the forty quarters

20  preceding the quarter in which his disability occurs").[6]

21  A claimant may be granted a deemed earlier filing date if she was provided

22  misinformation by a Social Security Agency ("Agency") employee.  42 U.S.C. § 402(j) (5).  In

23  this regard, § 402(j)(5) provides:

24

25  [4]  In contrast to DIB, eligibility for SSI benefits is determined by financial need.  See 42 U.S.C. § 1382.

26  [5]  A quarter of coverage is defined as a three-month period during which an individual earned

27  sufficient income.  42 U.S.C. § 413(a)(2).

[6] Here, it is undisputed that plaintiff's date last insured was December 31, 2005.  (Tr. at 95, 137.)

28

4

In any case in which it is determined to the satisfaction of the Commissioner of Social Security that an individual failed as of any date to apply for monthly insurance benefits under this title by reason of misinformation provided to such individual by any officer or employee of the Social Security Administration relating to such individual's eligibility for benefits under this title, such individual shall be deemed to have applied for such benefits on the later of—

(A) the date on which such misinformation was provided to such individual, or

(B) the date on which such individual met all requirements for entitlement to such benefits (other than application therefor).

"Misinformation is information which the [Agency] considers to be incorrect, misleading, or incomplete in the view of the facts which the [applicant] gave to the employee, or of which the employee was aware or should have been aware, regarding [the applicant's] particular circumstances . . . ."  20 C.F.R. § 404.633(c)(2); see also Costello v. Astrue, 499 F.3d 648, 650 (7th Cir. 2007) ("In short, if Costello failed to apply for Social Security benefits because she received misinformation, then the agency must backdate any subsequent application to the time when it would have been made, had the information been correct.").  The deemed filing date based on misinformation must be supported by sufficient evidence.  20 C.F.R. § 404.633. "[U]nder § 402(j)(5) the burden of proof is on the claimant to demonstrate that she received [Agency] misinformation that caused her to fail as of a particular date to apply for monthly insurance benefits."  Grubart v. Shalala, 913 F. Supp. 243, 247 (S.D. N.Y. 1996).

Here, contrary to plaintiff's assertion, the August 21, 2006 denial did inform plaintiff of her date last insured.  The second page of the denial stated as follows:

For you to be considered disabled under our rules, your health problems must keep you from doing not only your usual work, but also any other kinds of substantial gainful work.

Also, you must meet this requirement at the same time when you have earned enough credits for work under Social Security.  The last date when you had earned enough credits is December 2005.

(Tr. at 95.)[7]

---

[7]  In this regard, the ALJ's March 1, 2013 decision found that plaintiff's "earning record shows that she had acquired sufficient quarters of coverage to remain insured through December 31, 2005."  (Tr. at 14.)

1    However, it does appear that the August 16, 2006 denial incorrectly stated that plaintiff

2    did not have sufficient work credits.  (Id. at 94 ("You do not qualify for disability benefits

3    because you have not worked long enough under Social Security.").)  Plaintiff argues that

4    because of this error, she "failed to apply for disability benefits for disability onset date prior to

5    her date last insured[.]"  (Pl.'s MSJ (ECF No. 24) at 6.)  According to plaintiff "the agency must

6    backdate any subsequent application to the time when it would have been made, had the agency

7    not omitted material information from its notice."  (Id.)

8    The Agency, however, did not omit material information.  The Agency instead included

9    erroneous information (that plaintiff did not have sufficient work credits) along with accurate

10   information (that plaintiff's date last insured was December 2005) in denying plaintiff's August

11   16, 2006 application.  Moreover, plaintiff fails to explain how the application of the

12   misinformation provision would entitle her to a filing deadline prior to her August 16, 2006

13   application.

14   Section 402(j)(5) provides that in the case of misinformation, the plaintiff is entitled to

15   have a subsequent application deemed to have been filed on "the later of" the date on which the

16   misinformation was provided or the date the individual met all of the requirements for entitlement

17   to benefits.  Here, plaintiff was allegedly provided misinformation on August 21, 2006, which

18   was after her date last insured.  See Shaw v. Chater, 221 F.3d 126, 136 (2nd Cir. 2000) ("If the

19   information that the SSA provided Shaw on that form was incorrect, he would be deemed to have

20   applied for the benefits on the date he received the form.").

21   As noted above, plaintiff contends that she would have applied for benefits alleging a

22   disability onset date prior to December 31, 2005, if not for the Agency's error.  Specifically,

23   plaintiff argues that the Agency should have aided plaintiff in correcting this error by telling

24   plaintiff when to allege onset of disability.  Plaintiff asserts that "[i]t would have been simple

25   enough for the Agency claims person" to inform plaintiff that "in order to obtain a Title II

26   disability determination," plaintiff "needed to amend her onset date prior to 12/31/2005 (likely as

27   far back as January 2004)."  (Pl.'s MSJ (ECF No. 24) at 6-7.)

28   Plaintiff's argument ignores the fact that the alleged misinformation at issue had nothing

6

1   to do with plaintiff's date of alleged onset of disability—that date was chosen by plaintiff.

2   Plaintiff's argument also ignores the possibility that plaintiff could not allege disability prior to

3   December 31, 2005, because plaintiff was not disabled prior to December 31, 2005—a

4   proposition supported by the fact that plaintiff twice applied for disability benefits and twice

5   alleged that she became disabled after December 31, 2005.

6        Moreover, implicit in the Agency's notice to plaintiff that her date last insured was

7   December of 2005, is that plaintiff's alleged onset of disability date must have been prior to

8   December 31, 2005.  Plaintiff cites no authority for the proposition that the Agency should have

9   explicitly advised plaintiff to amend her onset of disability date to a date prior to December 31,

10  2005.  See generally Hartzell v. Astrue, 741 F.Supp.2d 645, 649 (D. N.J. 2010) ("The term

11  'misinformation' is never described in the context of the SSA's obligation to seek out potential

12  claimants and provide gratuitous information regarding possible benefits.").

13       Plaintiff also argues that her situation is "materially indistinguishable" from that of the

14  successful plaintiff in Costello v. Astrue, 499 F.3d 648 (7th Cir. 2007).  (Pl.'s MSJ (ECF No. 24)

15  at 6.)  In Costello, however, evidence established that the Agency affirmatively misled the

16  plaintiff into applying for benefits for which she was ineligible and foregoing an application for

17  benefits for which she was eligible.  See Id. at 649 ("Based on the advice she received, she

18  applied for (and received) benefits for which, it turns out, she was ineligible.  The SSA eventually

19  discovered the error and demanded repayment of eight years' benefits.  Costello seeks to offset

20  this amount by the benefits she would have received had she applied under the other ex-husband's

21  account.")  Here, unlike the plaintiff in Costello, there is no evidence that plaintiff failed to apply

22  for monthly insurance benefits by reason of misinformation provided by the Agency.[8]

23       Accordingly, for the reasons stated above, the court finds that plaintiff is not entitled to

24  relief with respect to this claim.

25  ////

26  _____

27  [8]  Consistent with this finding, plaintiff's representative stated at the October 3, 2012 hearing that
    he was not aware of the Agency's alleged misinformation until he "started to really dig into what
    the Agency had said was the reason for the reconsideration denial."  (Tr. at 137.)

28

1          2)          **Protective Filing**

2          Again, the court has struggled to understand plaintiff's presentation of issues.  This action

3  seeks review of an ALJ decision on the question whether any documentation from plaintiff's June

4  1997 hospitalization should be considered an unadjudicated application for benefits.  (Tr. at 14

5  (Decision of ALJ), 109 (Request for Reconsideration dated January 12, 2012, presenting issue).

6  Yet plaintiff's motion argues first that her hospitalizations on August 5, 2009, and September 1,

7  2009 "should be deemed an application for benefits" and that this matter should be remanded "for

8  hearing as to whether she was disabled prior to her date last insured."  (Pl.'s MSJ (ECF No. 24.)

9  at 7-8.)  No such claim was before the ALJ.  (See Tr. 131-56.)  Moreover, the argument makes no

10  sense.  Plaintiff has already been awarded SSI benefits for disability beginning August 11, 2009.

11  Plaintiff does not explain, and the court cannot imagine, how any 2009 DBI application,

12  "deemed" or otherwise, would provide access to benefits for disability preceding the last insured

13  date of December 31, 2005.[9]

14          The court now turns to the matter that was actually presented to and adjudicated by the

15  ALJ.  Plaintiff argues that she protectively filed an application for benefits during a 1997

16  hospitalization, and that the ALJ erred by requiring plaintiff to demonstrate an intent to apply for

17  benefits as well as contemporaneous receipt of the 1997 application by the Agency.  (Pl.'s MSJ

18  (ECF No. 24) at 8.)  The ALJ found, however, that "there is no evidence that an application for

19  benefits was filed or received . . . in 1997," and that "there is no record of any application [by

20  plaintiff] until almost ten years later, on August 16, 2006[.]"  (Tr. at 14.)  Plaintiff's briefing fails

21  to put forth any evidence that would call into question the ALJ's finding.  See 20 C.F.R. §

22  404.632 ("A statement filed with a hospital by you . . . indicating an intent to claim benefits will

23

24  _____
   [9]  Although plaintiff addresses the regulations governing what constitutes an application for
25  benefits, notably absent is any discussion of the fact that plaintiff's date last insured was in 2005.
   Even if the court accepted plaintiff's argument that her 2009 hospitalizations should be deemed
26  an application, those applications would be well after her date last insured.  Moreover, plaintiff
   filed an application for benefits on August 11, 2009, shortly after her August 5, 2009
27  hospitalization and before her September 1, 2009 hospitalization, and plaintiff alleged that her
   disability began on July 1, 2008, well after her December 31, 2005 date last insured.  (Tr. at 13.)
28

8

1  be considered a written statement filed with us . . . if . . . . [t]he statement is sent to us.").

2          Accordingly, the court finds that plaintiff is not entitled to relief with respect to this claim.

3                                          **CONCLUSION**

4          The court has found that plaintiff is not entitled to summary judgment in her favor with

5  respect to any of her claims.

6          Accordingly, IT IS HEREBY ORDERED that:

7              1.  Plaintiff's motion for summary judgment (ECF No. 24) is denied;

8              2.  Defendant's cross-motion for summary judgment (ECF No. 25) is granted; and

9              3.  The decision of the Commissioner of Social Security is affirmed.

10  DATED: May 18, 2016

11

12  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28